Morris Plan Company of New York, Respondent, *v.* Globe Indemnity Company, Appellant.

(Argued April 7, 1930; decided May 6, 1930.)

*Robert H. Elder* and *Otho S. Bowling* for appellant. Plaintiff did not acquire the notes by purchase. (*Morris*

*Plan Co.* v. *Osnato*, 123 Misc. Rep. 428.) Plaintiff did not acquire the notes as collateral to a loan. (*Hale* v. *Burlington, C. R. & N. Ry. Co.*, 13 Fed. Rep. 203; *Pontiac Buggy Co.* v. *Skinner*, 158 Fed. Rep. 858; *McCormick* v. *Falls City Bank*, 57 Fed. Rep. 107.)

*R. Randolph Hicks* and *Thomas F. Compton* for respondent. The plaintiff acquired these notes by purchase under the terms of the bond. (*Belloni* v. *Freeborn*, 63 N. Y. 383; *McGowan* v. *Hover*, 45 Misc. Rep. 138; *Martin* v. *Strachan*, 1 Wils. K. B. 66; 2 Rev. Rep. 552; *Stamm* v. *Bostwick*, 122 N. Y. 48; *McCartee* v. *Orphan Asylum Soc.*, 9 Cow. 437; *Kinne* v. *Kinne*, 45 How. 61; *City of Enterprise* v. *Smith*, 62 Kan. 815; *Bergstrom* v. *Ritz Carlton Restaurant & Hotel Co.*, 171 App. Div. 776.)

*Per Curiam.* We think the forged notes were not acquired by purchase within the meaning of the contract.

In view of the statement in the borrower's application for a loan that he was offering " as security therefor " a note signed by himself and comakers, we think the notes so offered, which are shown to have been forged, were acquired by the lender as collateral security.

We are not unmindful of the fact that upon the argument of the appeal the counsel for the respondent abandoned the contention that the notes were collateral, and took his stand upon the ground that they had been acquired by purchase. Even so, there has been no abandonment of the contention that the notes are within the purview of the defendant's bond. Our duty does not require us to reject a contention sound in its ultimate conclusion because the path that we follow is different from the one marked out for us in the argument of counsel.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.